SCHOOL DISTRICT OF THE CITY OF PONTIAC v DEPARTMENT
OF EDUCATION

Docket No. 139565. Submitted April 14, 1993, at Lansing. Decided
April 18, 1994, at 9:05 A.M.

The School District of the City of Pontiac brought an action in
the Oakland Circuit Court against the Department of Educa-
tion, seeking declaratory and injunctive relief against the de-
fendant's reduction of state aid to the plaintiff based on the
plaintiff's failure to comply with the statutory requirement to
provide at least 180 days of instruction in its general education
program during the 1988-89 school year because of a teachers'
strike. The court, Robert C. Anderson, J., granted summary
disposition for the defendant, rejecting the plaintiff's contention
that reductions in state aid for special education programs and
for reimbursement for federal insurance collection act (FICA)
taxes were improper inasmuch as the plaintiff fulfilled the
requirement to provide at least 230 days of instruction in its
special education program and did not seek reimbursement for
FICA taxes not paid during the strike. The plaintiff appealed.

The Court of Appeals *held:*

MCL 380.1284(1); MSA 15.41284(1) and MCL 388.1701(2);
MSA 15.1919(1001)(2) authorize the Department of Education to
reduce a school district's state aid by 1/180 for each day the
district fails to meet the requirement to provide 180 days of
instruction in its general education program in a given school
year. 1989 AACS, R 340.1738(b) and R 340.1748(b) require that
special education programs have at least 230 days of instruc-
tion. The purpose of the statutes is to assure that school
districts that do not hold school for the required 180 days of
general education do not receive state aid as if they had met
the requirement. It is beyond the purpose of the statutes and
inconsistent with their purpose to penalize the special educa-
tion program of a school district that held a full 230-day special
education program because the district's general education

REFERENCES

Am Jur 2d, Schools §§ 92-94.
Determination of school attendance, enrollment, or pupil population
for purposes of apportionment of funds. 80 ALR2d 953.

program failed to meet the 180-day requirement. Likewise, it would be inconsistent with the purpose of the statutes to reduce the plaintiff's FICA reimbursement when reimbursement was not sought for FICA taxes avoided during the teachers' strike.

Reversed.

1. SCHOOLS — STATE AID — REDUCTION FOR NONCOMPLIANCE WITH REQUIREMENT OF 180 DAYS OF INSTRUCTION — GENERAL EDUCATION PROGRAMS — SPECIAL EDUCATION PROGRAMS.

State aid for the special education program of a school district may not be reduced on the basis of the failure of the school district to provide 180 days of instruction in its general education program in a given school year where the school district complied with the requirement to provide at least 230 days of instruction in its special education program (MCL 380.1284[1], 388.1701[2]; MSA 15.41284[1], 15.1919[1001][2]; 1989 AACS, R 340.1738[b], R 340.1748[b]).

2. SCHOOLS — STATE AID — REDUCTION FOR NONCOMPLIANCE WITH REQUIREMENT OF 180 DAYS OF INSTRUCTION — FICA REIMBURSEMENT.

State aid for reimbursement of a school district's liabilities under the federal insurance collection act may not be reduced on the basis of the failure of the school district to provide 180 days of instruction in a school year because of a teachers' strike where FICA reimbursement is not sought for FICA taxes avoided during the strike (MCL 380.1284[1], 388.1701[2], 388.1746; MSA 15.41284[1], 15.1919[1001][2], 15.1919[1046]).

*Hardy, Lewis, Pollard & Page, P.C.* (by *Neil H. Goodman*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Paul J. Zimmer* and *Jane D. Woodfin,* Assistant Attorneys General, for the defendant.

Before: WHITE, P.J., and CAVANAGH and JANSEN, JJ.

WHITE, P. J. Plaintiff School District of the City of Pontiac appeals as of right from the March 15, 1991, order of the Oakland Circuit Court denying

its motion for summary disposition and granting defendant Department of Education's motion for summary disposition. Plaintiff sought declaratory and injunctive relief concerning defendant's calculation of the amount of school aid forfeited because plaintiff failed to provide 180 days of student instruction in its general education program during the 1988-89 school year. We reverse.

The question is whether the Legislature intended (1) that a school district meeting the 230-day requirement in its special education program forfeit school aid for special education because of its failure to meet the 180-day requirement in its general education program, and (2) that federal insurance collection act (FICA) reimbursement payments by the state to the school district, which did not, in fact, include payments for the days when school was not in session, be included in the "total school aid," which is reduced by a percentage figure based on the number of days the school district falls short of the 180-day requirement. We hold that the Legislature did not so intend.

Plaintiff is a third-class school district organized under the School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.* Defendant is the governmental unit responsible for administering and implementing the State School Aid Act, MCL 388.1601 *et seq.*; MSA 15.1919(901) *et seq.* MCL 380.1284(1); MSA 15.41284(1) and MCL 388.1701(2); MSA 15.1919(1001)(2) provide that a school district must provide a minimum of 180 days of pupil instruction or forfeit $\frac{1}{180}$ of its total state aid appropriation for each day it fails to meet the 180-day requirement.

At the beginning of the 1988-89 school year, teachers went on strike in the Pontiac School District, resulting in fourteen days of lost student instruction that plaintiff did not make up. Thus,

plaintiff provided only 166 days of pupil instruction. In August 1989, plaintiff certified to defendant the number of days of student instruction it provided in the previous school year, as required by MCL 388.1701(2); MSA 15.1919(1001)(2). Plaintiff also informed defendant that its special education programs satisfied the minimum requirement of 230 days of pupil instruction. See 1989 AACS, R 340.1738(b) and R 340.1748(b).

Defendant informed plaintiff that the forfeited amount would be calculated on the basis of a total state aid figure that included amounts allocated for FICA reimbursements provided under MCL 388.1746; MSA 15.1919(1046), and that a total forfeiture amount of $1,599,344.76 would be deducted from plaintiff's state aid payment.

Defendant calculated the total forfeiture amount by adding plaintiff's 1988-89 state aid, $16,940,674.69, and its 1988-89 FICA reimbursements, $3,622,200.84, for a total of $20,562,874.53, dividing that amount by 180, and determining a per diem forfeiture amount of $114,238.19. Defendant then multiplied the per diem amount by the fourteen days plaintiff fell short of the 180-day requirement, for a total forfeiture amount of $1,599,334.76.

The total 1988-89 school aid figure used by defendant included $1,637,472.25 for special education programs. The amount of the total reduction attributable to funds received for special education was $127,358.95, and the reduction attributable to FICA reimbursements was $281,726.73. In the circuit court, plaintiff argued that the reductions attributable to special education programs and FICA reimbursements were improper. The circuit court concluded, however, that defendant correctly calculated the amount forfeited on the basis of its construction of the statutory language ("total state

aid") as including the amount of defendant's state school aid appropriation for special education and for reimbursement of plaintiff's share of its FICA liabilities. Section 1284(1) of the School Code provides:

> The board of a school district shall determine the length of the school term. The minimum number of days of student instruction shall be 180. Except as provided in section 101 of the state school aid act of 1979, being section 388.1701 of the Michigan Compiled Laws, a district failing to hold 180 days of student instruction shall forfeit ¹⁄₁₈₀ of its total state school aid for each day of failure. Not later than August 1, the board of each district shall certify to the state board the number of days of student instruction in the previous school year. If the district did not hold at least 180 days of student instruction, the deduction of state school aid shall be made in the following fiscal year from the first payment of state school aid. Days lost because of strikes or teachers' conferences shall not be counted as days of student instruction. [MCL 380.1284(1); MSA 15.41284(1).]

Similarly, § 101(2) of the State School Aid Act provides:

> (2) Each district shall provide a minimum of 180 days of pupil instruction. Except as provided in subsections (3) and (5), a district failing to hold 180 days of pupil instruction shall forfeit ¹⁄₁₈₀ of its total state aid appropriation for each day of failure. A district failing to comply with rules promulgated by the state board, which rules establish the minimum time pupil instruction is to be provided to pupils for the regular school year, shall forfeit from its total state aid allocation an amount determined by applying a ratio of the time duration the district was in noncompliance in relation to the minimum time pupil instruction is required. A district failing to meet both the minimum 180

days of pupil instruction requirement and the prescribed time of pupil instruction requirement shall be penalized only the higher of the 2 amounts calculated under the forfeiture provisions of this subsection. Not later than August 1, the board of each district shall certify to the department the number of days of pupil instruction in the previous school year. If the district did not hold at least 180 days of pupil instruction, the deduction of state aid shall be made in the following fiscal year from the first payment of state school aid. Days lost because of strikes or teachers' conferences shall not be counted as days of pupil instruction. A district not having the specified percentage of the district's membership in attendance on any day shall receive state aid in that proportion of ¹⁄₁₈₀ that the actual percent of attendance bears to the specified percentage. The specified percentage to be used for this requirement shall be 70% for 1991-92 and 75% for each subsequent state fiscal year. The state board shall promulgate rules for the implementation of this subsection. [MCL 388.1701(2); MSA 15.1919(1001)(2).]

Defendant argues that the terms "total state aid" and "total state school aid" are clear and unambiguous and can only mean the total of all sums paid by the state to the school district in support of public schools. We disagree. The term "school aid" is not defined in the State School Aid Act. It is defined in the School Code generically to mean "allotments from the general appropriating act for the purpose of aiding in the support of the public schools of the state." MCL 380.6(11); MSA 15.4006(11). The terms "total state school aid" and "total state aid allocation" are not defined to include or exclude the payments at issue here.

The question is one of legislative intent. The School Code and the State School Aid Act address special education in separate statutory articles, Article 3 of the School Code and Article 5 of the

State School Aid Act. MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.* and MCL 388.1651 *et seq.*; MSA 15.1919(951) *et seq.* The Legislature requires that school districts provide special education programs to students who need them and set forth distinct statutory provisions regarding reimbursement for expenses incurred in providing such programs.[1]

The Department of Education promulgated administrative rules requiring that special education programs be conducted for a minimum of 230 days. 1989 AACS, R 340.1738(b), R 340.1748(b). This requirement is separate and distinct from the 180-day requirement pertaining to general education programs. We do not believe the Legislature intended to penalize a school district that met the 230-day requirement in its special education program because it failed to meet the 180-day requirement in its general educational program.

The purpose of the forfeiture provisions is to assure that school districts that do not hold school for the required 180 days do not receive school aid as if they had met the requirement. It is beyond the purpose of the statutes and inconsistent with their purpose to penalize the special education program of a school district that held a full 230-day special education program because the district's general education program failed to meet the 180-day requirement.

With respect to FICA reimbursement, we are also of the opinion that defendant's position is not consistent with the legislative purpose. The statutory scheme operates to reimburse school districts only for FICA actually paid. Thus, the amount the school district saved by not paying FICA on salaries

---

[1] Amounts paid to a school district for special education reimbursement may include amounts paid on behalf of or on account of students who do not live in that district and who may be assigned to that district by outside agencies or authorities. MCL 388.1653(1); MSA 15.1919(953)(1).

that were not earned during the strike was already deducted by defendant in computing the amount of FICA reimbursement the school district was entitled to receive. The amount actually paid in reimbursement by defendant thus did not include FICA on unpaid compensation. We do not read the statutes as requiring that the amounts that would otherwise be paid to the school district to reimburse for FICA expenses incurred by the district be proportionally reduced on account of the fourteen days by which the district failed to meet the 180-day requirement where the amount that would otherwise be paid does not include amounts for those fourteen days. If such a reduction is required, the district will not be reimbursed for its FICA expenses, a result which is contrary to the legislative purpose in providing for FICA reimbursement.

Reversed.