204 Mich. App. 525 (1994)
516 N.W.2d 516
SCHOOL DISTRICT OF THE CITY OF PONTIAC
v.
DEPARTMENT OF EDUCATION
Docket No. 139565.
Michigan Court of Appeals.
Submitted April 14, 1993, at Lansing.
Decided April 18, 1994, at 9:05 A.M.
Hardy, Lewis, Pollard & Page, P.C. (by Neil H. Goodman), for the plaintiff.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Paul J. Zimmer and Jane D. Woodfin, Assistant Attorneys General, for the defendant.
Before: WHITE, P.J., and CAVANAGH and JANSEN, JJ.
WHITE, P.J.
Plaintiff School District of the City of Pontiac appeals as of right from the March 15, 1991, order of the Oakland Circuit Court denying *527 its motion for summary disposition and granting defendant Department of Education's motion for summary disposition. Plaintiff sought declaratory and injunctive relief concerning defendant's calculation of the amount of school aid forfeited because plaintiff failed to provide 180 days of student instruction in its general education program during the 1988-89 school year. We reverse.
The question is whether the Legislature intended (1) that a school district meeting the 230-day requirement in its special education program forfeit school aid for special education because of its failure to meet the 180-day requirement in its general education program, and (2) that federal insurance collection act (FICA) reimbursement payments by the state to the school district, which did not, in fact, include payments for the days when school was not in session, be included in the "total school aid," which is reduced by a percentage figure based on the number of days the school district falls short of the 180-day requirement. We hold that the Legislature did not so intend.
Plaintiff is a third-class school district organized under the School Code, MCL 380.1 et seq.; MSA 15.4001 et seq. Defendant is the governmental unit responsible for administering and implementing the State School Aid Act, MCL 388.1601 et seq.; MSA 15.1919(901) et seq. MCL 380.1284(1); MSA 15.41284(1) and MCL 388.1701(2); MSA 15.1919(1001)(2) provide that a school district must provide a minimum of 180 days of pupil instruction or forfeit 1/180 of its total state aid appropriation for each day it fails to meet the 180-day requirement.
At the beginning of the 1988-89 school year, teachers went on strike in the Pontiac School District, resulting in fourteen days of lost student instruction that plaintiff did not make up. Thus, *528 plaintiff provided only 166 days of pupil instruction. In August 1989, plaintiff certified to defendant the number of days of student instruction it provided in the previous school year, as required by MCL 388.1701(2); MSA 15.1919(1001)(2). Plaintiff also informed defendant that its special education programs satisfied the minimum requirement of 230 days of pupil instruction. See 1989 AACS, R 340.1738(b) and R 340.1748(b).
Defendant informed plaintiff that the forfeited amount would be calculated on the basis of a total state aid figure that included amounts allocated for FICA reimbursements provided under MCL 388.1746; MSA 15.1919(1046), and that a total forfeiture amount of $1,599,344.76 would be deducted from plaintiff's state aid payment.
Defendant calculated the total forfeiture amount by adding plaintiff's 1988-89 state aid, $16,940,674.69, and its 1988-89 FICA reimbursements, $3,622,200.84, for a total of $20,562,874.53, dividing that amount by 180, and determining a per diem forfeiture amount of $114,238.19. Defendant then multiplied the per diem amount by the fourteen days plaintiff fell short of the 180-day requirement, for a total forfeiture amount of $1,599,334.76.
The total 1988-89 school aid figure used by defendant included $1,637,472.25 for special education programs. The amount of the total reduction attributable to funds received for special education was $127,358.95, and the reduction attributable to FICA reimbursements was $281,726.73. In the circuit court, plaintiff argued that the reductions attributable to special education programs and FICA reimbursements were improper. The circuit court concluded, however, that defendant correctly calculated the amount forfeited on the basis of its construction of the statutory language ("total state *529 aid") as including the amount of defendant's state school aid appropriation for special education and for reimbursement of plaintiff's share of its FICA liabilities. Section 1284(1) of the School Code provides:
The board of a school district shall determine the length of the school term. The minimum number of days of student instruction shall be 180. Except as provided in section 101 of the state school aid act of 1979, being section 388.1701 of the Michigan Compiled Laws, a district failing to hold 180 days of student instruction shall forfeit 1/180 of its total state school aid for each day of failure. Not later than August 1, the board of each district shall certify to the state board the number of days of student instruction in the previous school year. If the district did not hold at least 180 days of student instruction, the deduction of state school aid shall be made in the following fiscal year from the first payment of state school aid. Days lost because of strikes or teachers' conferences shall not be counted as days of student instruction. [MCL 380.1284(1); MSA 15.41284(1).]
Similarly, § 101(2) of the State School Aid Act provides:
(2) Each district shall provide a minimum of 180 days of pupil instruction. Except as provided in subsections (3) and (5), a district failing to hold 180 days of pupil instruction shall forfeit 1/180 of its total state aid appropriation for each day of failure. A district failing to comply with rules promulgated by the state board, which rules establish the minimum time pupil instruction is to be provided to pupils for the regular school year, shall forfeit from its total state aid allocation an amount determined by applying a ratio of the time duration the district was in noncompliance in relation to the minimum time pupil instruction is required. A district failing to meet both the minimum 180 *530 days of pupil instruction requirement and the prescribed time of pupil instruction requirement shall be penalized only the higher of the 2 amounts calculated under the forfeiture provisions of this subsection. Not later than August 1, the board of each district shall certify to the department the number of days of pupil instruction in the previous school year. If the district did not hold at least 180 days of pupil instruction, the deduction of state aid shall be made in the following fiscal year from the first payment of state school aid. Days lost because of strikes or teachers' conferences shall not be counted as days of pupil instruction. A district not having the specified percentage of the district's membership in attendance on any day shall receive state aid in that proportion of 1/180 that the actual percent of attendance bears to the specified percentage. The specified percentage to be used for this requirement shall be 70% for 1991-92 and 75% for each subsequent state fiscal year. The state board shall promulgate rules for the implementation of this subsection. [MCL 388.1701(2); MSA 15.1919(1001)(2).]
Defendant argues that the terms "total state aid" and "total state school aid" are clear and unambiguous and can only mean the total of all sums paid by the state to the school district in support of public schools. We disagree. The term "school aid" is not defined in the State School Aid Act. It is defined in the School Code generically to mean "allotments from the general appropriating act for the purpose of aiding in the support of the public schools of the state." MCL 380.6(11); MSA 15.4006(11). The terms "total state school aid" and "total state aid allocation" are not defined to include or exclude the payments at issue here.
The question is one of legislative intent. The School Code and the State School Aid Act address special education in separate statutory articles, Article 3 of the School Code and Article 5 of the *531 State School Aid Act. MCL 380.1701 et seq.; MSA 15.41701 et seq. and MCL 388.1651 et seq.; MSA 15.1919(951) et seq. The Legislature requires that school districts provide special education programs to students who need them and set forth distinct statutory provisions regarding reimbursement for expenses incurred in providing such programs.[1]
The Department of Education promulgated administrative rules requiring that special education programs be conducted for a minimum of 230 days. 1989 AACS, R 340.1738(b), R 340.1748(b). This requirement is separate and distinct from the 180-day requirement pertaining to general education programs. We do not believe the Legislature intended to penalize a school district that met the 230-day requirement in its special education program because it failed to meet the 180-day requirement in its general educational program.
The purpose of the forfeiture provisions is to assure that school districts that do not hold school for the required 180 days do not receive school aid as if they had met the requirement. It is beyond the purpose of the statutes and inconsistent with their purpose to penalize the special education program of a school district that held a full 230-day special education program because the district's general education program failed to meet the 180-day requirement.
With respect to FICA reimbursement, we are also of the opinion that defendant's position is not consistent with the legislative purpose. The statutory scheme operates to reimburse school districts only for FICA actually paid. Thus, the amount the school district saved by not paying FICA on salaries *532 that were not earned during the strike was already deducted by defendant in computing the amount of FICA reimbursement the school district was entitled to receive. The amount actually paid in reimbursement by defendant thus did not include FICA on unpaid compensation. We do not read the statutes as requiring that the amounts that would otherwise be paid to the school district to reimburse for FICA expenses incurred by the district be proportionally reduced on account of the fourteen days by which the district failed to meet the 180-day requirement where the amount that would otherwise be paid does not include amounts for those fourteen days. If such a reduction is required, the district will not be reimbursed for its FICA expenses, a result which is contrary to the legislative purpose in providing for FICA reimbursement.
Reversed.
NOTES
[1] Amounts paid to a school district for special education reimbursement may include amounts paid on behalf of or on account of students who do not live in that district and who may be assigned to that district by outside agencies or authorities. MCL 388.1653(1); MSA 15.1919(953)(1).